REGAN, Judge.
Plaintiff, Howard Hall, a guest passenger in a truck driven by Elgia McElveen, instituted this suit against the defendants, Joseph LaBarbera, his insurer, State Farm Mutual Automobile Insurance Co., and La-Barbera’s employer, L. B. Price Mercantile Company,[1] endeavoring to recover $55,447-55 representing the monetary value of personal injuries incurred when the truck in which he was riding overturned in the Old Gentilly Highway. Plaintiff asserted that the proximate cause of the accident was the negligence of LaBarbera in executing a left turn in front of the truck, thus creating a sudden emergency which caused the operator thereof to lose control of the truck and ultimately overturn it.
The defendants answered and insisted that the accident occurred through the sole negligence of McElveen. In the alternative, they pleaded the contributory negligence of the plaintiff in failing to caution the driver of the truck, relative to the operation thereof in a negligent manner.
From a judgment in favor of the defendants dismissing plaintiff’s suit, he has prosecuted this appeal.
The record reveals that the accident occurred in the Old Gentilly Highway near where it is intersected by McCoy Street. The highway, at this location, is composed of four traffic lanes, which are not divided by a neutral ground; two accommodate traffic moving away from the City of New Orleans, and the other two service inbound traffic. In the area where the accident occurred, there are no streets which intersect the right side of the highway, or the side which services outbound traffic. This undeveloped area is used, we have been informed by counsel, as a dumping ground for the City. However, both Darby and McCoy Streets intersect the left side of the highway which services inbound traffic.
The litigants’ versions of the manner in which the accident occurred are, as is quite usual, diametrically opposed to each other.
Plaintiff and the operator of the vehicle, in which he was an occupant, both assert that the truck was proceeding in the left outbound lane of the highway at a speed of between 35 and 40 miles per hour, when the vehicle, operated by the defendant, passed them on the right side, moving at a high rate of speed. At this moment the truck was approximately 14 block removed from Darby Street, which is a distance of one block from the McCoy intersection, or approximately l]/2 blocks from the actual situs of the accident. Plaintiff’s witnesses re *600 lated that the defendant suddenly drove into the left lane in front of the truck, and the operator thereof in an effort to avoid a collision, turned sharply to his left and endeavored to pass around the defendant’s vehicle by moving over into an inbound lane of the highway; however, the sharp turn caused him to lose control, and in consequence thereof the truck initially struck the left shoulder of the highway, and then careened across the four lanes toward the right shoulder, and ultimately turned over in the far right outbound lane where it began to burn.
The defendant operator’s, version of the accident bears no resemblance to the plaintiff’s description thereof. He asserted that he was driving in the right lane of the highway, moving in an outbound direction. When he reached the intersection of Darby Street he observed that the left, or passing lane, was clear and drove therein since he intended to execute a left turn at the next intersection, which was McCoy Street. He manifested this intention by use of the mechanical directional signal indicator, and almost simultaneously he heard a horn blowing loudly and continuously, which caused him to look into the rear view mirror, where he saw the dump truck approximately one block away moving at a high speed in the same lane which he occupied. He was then about 20 feet removed from the intersection of McCoy Street, where he stopped his vehicle and made no further effort to execute a left turn, since he did not know what the intentions of the operator of the truck were. Moments later, he noticed the truck swerve to his left as the driver lost control, careen to the right and then overturn.
The foregoing résumé of the testimony reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the defendant’s version of the manner in which the accident occurred and, therefore, concluded that the proximate cause thereof was the negligence of the truck’s operator in that he failed to maintain a proper lookout and, as a result, completely disregarded the presence of a stopped vehicle which he approached at such a high rate of speed; that he was unable to exercise control of his truck so as to safely pass this vehicle by use of the right lane which was clear of traffic.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and' unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. Suffice it to say that the trial judge accepted the defendant’s version thereof, and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is therefore correct.
Affirmed.

. LaBarbera was acting as agent for bis employer wben the accident occurred.